J-A20043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF:  FAYE P. KUEHNER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF:  PAUL P. KUEHNER, | : | |
| | : | |
| Appellant | : | No. 3591 EDA 2013 |

Appeal from the Order entered on December 4, 2013
in the Court of Common Pleas of Montgomery County,
Orphans' Court Division, No.  05-0825

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 28, 2014**

Paul P. Kuehner ("Kuehner") appeals, *pro se*, from the Order denying his Petition to Remove the Individual Trustee.  We affirm.

Faye P. Kuehner ("Faye") died testate, and her will established a Trust for her son, Kuehner.  The will appointed Thomas F. Delaney ("Delaney") and Wachovia Bank as both the executors and trustees (collectively referred to as "Trustees") of the Trust.  Under the terms of the Trust, Kuehner was entitled to receive a monthly income, and the Trustees had discretion to distribute additional payments of the principal for his support, maintenance and healthcare.  The remainder of the Trust is to be held for Faye's grandson, Andrew Boyd ("Boyd").  Boyd could make withdrawals of the principal at ages 35 and 40.

In 2006, Kuehner, who has been unemployed for decades, purchased real estate, valued at between $300,000 and $325,000, against the advice of his legal counsel. The property was encumbered with over $25,000 in debt, in addition to the outstanding mortgage. Due to a lack of funds, Kuehner agreed to sell the property in 2008. As a result, the Trustees agreed to pay Kuehner an additional $2,000 each month in addition to the amount being paid to cover Kuehner's mortgage. The Trustees also provided Kuehner with $5,000 to purchase a vehicle. Kuehner did not sell the property, claiming that he had not received offers.

In 2012, First Niagara Bank replaced Wachovia Bank as the corporate trustee (referred to collectively, with Delaney, as "New Trustees"). The New Trustees petitioned the court to convert the structure of the Trust so that Kuehner could receive more money. During that time period, Kuehner began to repeatedly call the New Trustees. Consequently, the trial court ordered that Kuehner could contact the Trustees in writing, but could only call them twice per month.

The New Trustees filed an Account of the Trust in 2013. Kuehner filed Objections to that Account, which were overruled. Kuehner then challenged a bill for $10,648, which was incurred when the New Trustees attempted to convert the structure of the Trust. Most recently, Kuehner filed a Petition for Removal of the Individual Trustee, Delaney. On December 4, 2013, the trial court entered an Order denying Kuehner's Petition for Removal and

approving the challenged charge as reasonable. Kuehner filed a timely Notice of Appeal.

On appeal, Kuehner raises the following questions for our review:

I. Did the [trial] court abuse its discretion or [err] in not asking [] Delaney to account for the money he billed the [T]rust?

II. Did the [trial] court abuse its discretion or [err] in not removing [] Delaney and replacing him with Mr. Jeffrey First ["First"]?

Brief for Appellant at 4 (issues renumbered for ease of disposition).

The standard of review in an appeal of an Orphans' Court decree is well-settled and "requires that we be deferential to the findings of the Orphans' Court." *In Re Estate of Brown*, 30 A.3d 1200, 1206 (Pa. Super. 2011) (citation omitted). Specifically,

[we] must determine whether the record is free of legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re McKinney*, 67 A.3d 824, 829 (Pa. Super. 2013).

In his first claim, Kuehner asserts that Delaney has consistently over-billed the Trust. Brief for Appellant at 7. Specifically, he challenges the July 2012 charge for $10,648, and a September 2012 charge for $3,500. *Id.* at 7-8.

- 3 -

However, Kuehner does not provide any pertinent analysis or cite to any evidence regarding what Delaney was working on at the time, or what he believes the charges should have been for that work. **See** Pa.R.A.P. 2119(a) (requiring each argument to be supported by discussion and citation of pertinent authorities); **see also Miller v. Miller**, 744 A.2d 778, 788 (Pa. Super. 1999) (stating that "[i]t is the [a]ppellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law") (citation omitted). Thus, this claim is waived on appeal. **See J.J. DeLuca Co. v. Toll Naval Assocs.**, 56 A.3d 402, 411 (Pa. Super. 2012) (stating that claims are waived where an appellant does not develop an argument or cite to any authority to support the claim).

In his second claim, Kuehner argues that Delaney should be removed as Trustee for committing a serious breach of trust. Brief for Appellant at 5-6. He also argues that the trial court told him that he could replace the Trustee if he found someone else who is qualified. **Id.** at 5. Kuehner claims that First is a trustworthy and honest person with 23 years of experience, and that he should be allowed to take over as trustee. **Id.**

The Uniform Trust Act sets forth the grounds for removal of a trustee as follows:

> The court may remove a trustee if it finds that removal of the trustee best serves the interests of the beneficiaries of the trust and is not inconsistent with a material purpose of the trust, a suitable cotrustee or successor trustee is available and:

> (1) the trustee has committed a serious breach of trust;
>
> (2) lack of cooperation among cotrustees substantially impairs the administration of the trust;
>
> (3) the trustee has not effectively administered the trust because of the trustee's unfitness, unwillingness or persistent failures; or
>
> (4) there has been a substantial change of circumstances. A corporate reorganization of an institutional trustee, including a plan of merger or consolidation, is not itself a substantial change of circumstances.

20 Pa.C.S.A. § 7766(b).

Kuehner argues that Delaney committed a serious breach of trust by over-billing the Trust and ignoring his phone calls. Brief for Appellant at 5-7. As stated above, Kuehner did not provide an argument or cite any pertinent authority with regard to the over-billing claims. *See* Pa.R.A.P. 2119(a); *see also J.J. DeLuca Co.*, 56 A.3d at 411. In any event, the trial court found that the charges were reasonable. *See* Trial Court Order, 12/4/13. As to the claim that Delaney ignores his phone calls, the trial court balanced Kuehner's need to contact the New Trustees with the needs of the New Trustees to conduct business, and Kuehner has not shown sufficient cause to disturb that finding. *See* Trial Court Opinion, 9/7/12, at 9. Therefore, Kuehner has not provided sufficient evidence to warrant removal of Delaney as Individual Trustee.

Order affirmed.

J-A20043-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014